IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Maurice Wyman Scott, | Civil Action No. 3:15-cv-2692-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Chrome Capital, LLC, | |
| Defendant. | |

This matter is before the court on Plaintiff's *pro se* complaint, alleging violations of the Fair Debt Collection Practices Act, violations of his privacy, civil conspiracy, and fraudulent misrepresentation as a result of his lease of a motorcycle. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

Defendant filed a Motion to Dismiss on September 2, 2015. ECF No. 21. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the dismissal procedure and the consequences if he failed to respond. ECF No. 23. After Defendant accepted service of process and thereby rendered some of its arguments in its Motion to Dismiss moot, the court notified the parties of its intention to treat Defendant's motion as one for summary judgment. Matters outside of the pleadings had already been submitted, and the court invited the parties to submit any further material they wished by June 6, 2016. ECF Nos. 29, 33. Defendant filed an

additional affidavit in support of its motion (ECF No. 35), and Plaintiff filed a reply to that affidavit (ECF No. 37).

On July 25, 2016, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Neither party filed objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the court adopts and incorporates the Report by reference. For the reasons set forth therein, Defendant's motion to

2

dismiss, converted into one for summary judgment, is **granted**.  This matter is **dismissed with prejudice**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 22, 2016

3